Filed 4/1/21  Jordan W. v. Superior Ct. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JORDAN W.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF KERN COUNTY,<br><br>Respondent;<br><br>KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>Real Party in Interest. | F082126<br><br>(Super. Ct. No. JD138756-00)<br><br>**OPINION** |

### THE COURT\*

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Raymonda B. Marquez, Judge.

Jordan W., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

\*    Before Franson, Acting P.J., Meehan, J. and Snauffer, J.

In a petition for extraordinary writ, Jordan W. (mother) challenges the juvenile court's order made at the disposition hearing and setting the matter for a hearing under Welfare and Institutions Code section 366.26. We deny the petition.

## FACTUAL AND PROCEDURAL HISTORY[1]

In July of 2018, law enforcement responded to a call of an unresponsive two-year-old, Ayden. Ayden was transported to the hospital, mother taken into custody, and six-month-old Axel was placed into protective custody. Ayden's injuries, which included bruising on his cheek and forehead, bite marks, hemorrhaging in the eye, and a torn and actively bleeding anus, were determined to be "nonaccidental" and he was declared brain dead. The autopsy ruled the method of death was a homicide and mother, who admitted to biting Ayden, was ultimately charged with second-degree murder, willful cruelty to a child, and great bodily injury to a child under the age of five.

The section 300 petition alleged Axel was at serious risk of harm due to the non-accidental physical harm inflicted on Ayden, resulting in his death. It was also alleged that mother failed to adequately care for Axel due to her mental illness and substance abuse. Axel was detained and at disposition, finally held on December 8, 2020, mother was denied reunification services, Axel removed from her care, and a section 366.26 hearing set for April 7, 2021.

## DISCUSSION

Mother contends she was not able to complete her case plan because she was in custody awaiting trial on her criminal case. Mother's complaint is that the social worker failed to investigate the possibility of maternal grandmother having custody of Axel.

Respondent filed a letter requesting dismissal of the petition as "the petition does not appear to make any legally cognizable argument." Respondent is correct.

---

[1] Mother provides no summary of the facts. This brief summary is taken from the clerk's transcript in the case.

A writ petition to review an order setting a hearing under section 366.26 must include: a summary of "significant facts, limited to matters in the record," "a separate heading or subheading summarizing the point and support each point by argument and citation of authority," reference to the record by citation, and an explanation of the significance of any cited portion of the record. (Cal. Rules of Court, rule 8.452(a), (b); *Cheryl S. v. Superior Court* (1996) 51 Cal.App.4th 1000, 1005.) If a petition does not "present an adequate record, argument, and points and authorities," the petition may be dismissed. (*Cheryl S.*, *supra,* at p. 1005.)

Mother's writ petition is inadequate. It does not include a summary of significant facts or an "argument" section. It does not cite to any legal authority or the record, and it does not specify any error allegedly committed by the juvenile court.

## DISPOSITION

The petition for extraordinary writ is denied. This court's opinion is final forthwith as to this court pursuant to California Rules of Court, rule 8.490(b)(2)(A).